## In re CHAMBERS.

[Cite as *In re Chambers* (1996), 116 Ohio App.3d 312.]

Court of Appeals of Ohio,
Third District, Logan County.

No. 8–96–14.

Decided Dec. 13, 1996.

*Dennis Day Lager*, for appellant.

*Gerald L. Heaton*, Logan County Prosecuting Attorney, and *Mark A. Losey*, Assistant Prosecuting Attorney, for appellee.

---

THOMAS F. BRYANT, Judge.

This appeal is brought by defendant-appellant Olivia Chambers from a judgment of the Court of Common Pleas of Logan County, Juvenile Division finding Chambers delinquent.

On June 24, 1994, Chambers delivered a baby in her basement bedroom of her parents' home. Chambers did not want anyone to know she was pregnant, so she delivered the child without assistance or noise. Upon birth, the child started to cry. Chambers silenced the child by wrapping a shirt around the baby's neck. As a result, the child died.

Upon discovery by Chambers's mother, Chambers was taken to a local hospital for emergency medical treatment due to significant blood loss. She was then transferred to Mercy Hospital for a suicide watch and psychiatric treatment. Chambers suffered from a severe depression. Chambers's parents notified the authorities about the infant's death.

On June 24, 1994, the state filed a complaint alleging Chambers to be a delinquent child for having murdered her newborn son. On July 25, 1994, Chambers appeared before the court and denied the allegations contained in the complaint. The state moved for a psychological examination of Chambers on August 31, 1994. After the psychological examination, the state moved the court for an order transferring jurisdiction for prosecution as an adult under Juv.R. 30(A).

On June 5, 1995, the trial court conducted a hearing on the issue of transfer of jurisdiction. At the hearing, the trial court considered the testimony of various psychologists and Chambers. The trial court determined that Chambers could be rehabilitated as a juvenile and overruled the state's motion for transfer.

On November 20, 1995, the trial court conducted an adjudicatory hearing based upon the testimony given at the prior hearings and stipulated by the parties. The trial court entered its judgment on July 11, 1996. The trial court determined that a juvenile cannot use the insanity defense. Thus, the trial court found beyond a reasonable doubt that Chambers was a delinquent child for having committed the offense of murder. Then the trial court ordered Chambers to be

committed to the legal custody of the Ohio Department of Youth Services until the age of twenty-one. The trial court suspended the commitment as long as Chambers successfully completed probation and continued her good behavior and adherence to the recommendations of the mental health professionals treating her. It is from these judgments that Chambers appeals.

Chambers alleges the following assignment of error:

"The trial court erred by finding Chambers delinquent beyond a reasonable doubt where the record does not support such a finding and where the trial court has refused to accept the substantive defense of insanity at the adjudicatory phase of the proceeding."

This assignment of error is not well taken.

The plea of not guilty by reason of insanity is a feature of criminal cases. Crim.R. 11(A). "The purpose of [a delinquency proceeding] is to determine whether a child needs state intervention to protect him. Thus the child is to be dealt with on the basis of his delinquency and not to be punished under criminal laws for the felony out of which the delinquency charge sprang." *In re Morton* (Mar. 3, 1983), Knox App. No. 82–CA–18, unreported, 1983 WL 5469. See, also, *In re Cooper* (Sept. 22, 1989), Seneca App. No. 13–88–34, unreported, 1989 WL 108730. Further, no provision for an insanity plea exists in Juv.R. 29 such as exists in Crim.R. 11. Therefore, the trial court correctly held that in juvenile proceedings, the juvenile may not assert the affirmative defense of insanity. *In re Morton, supra.* See, also, *In re King* (June 13, 1996), Auglaize App. No. 2–95–21, unreported, 1996 WL 368236.

The issue of a juvenile's sanity is a factor to be considered during the trial court's determination of delinquency. Adequate procedures exist in the juvenile proceedings to allow the issue of sanity to be raised. *Id.* The record clearly shows that these issues were raised and considered by the trial court in this case. Nonetheless, the evidence of delinquency is overwhelming. The record shows that Chambers deliberately wrapped a shirt around the neck of her newborn son and tightened it. Therefore, we find ample evidence to support the trial court's finding of delinquency. In addition, the issue of Chambers's sanity properly was reviewed at the disposition hearing. The trial court took the necessary steps to intervene and provide the appropriate treatment for the rehabilitation of Chambers. Thus, the assignment of error is overruled.

The judgment of the Court of Common Pleas of Logan County, Juvenile Division is affirmed.

*Judgment affirmed.*

SHAW and EVANS, JJ., concur.